# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Dejean                                    Civil Action No. 14-02568

versus                                    Unassigned District Judge

Social Security Administration            Magistrate Judge Carol B. Whitehurst

**ORDER**

Pending before the undersigned is Plaintiff's Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) filed by attorney Matthew David Lane, Jr. ("Lane"), representing Social Security Claimant, Stephanie Dejean ("Dejean"), on May 10, 2018 [Rec. Doc.20].

*Background*

Lane seeks an award of attorneys' fees in the amount of $11,661.75, pursuant to Lane's contingency fee contract of 25% for his successful representation of Dejean before this Court.[1] For the following reasons, the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Rec. Doc. 20] is GRANTED.

*Analysis*

Lane is entitled to apply to the Court, under 42 U.S.C. § 406(b), for an award for his work before the court. Section 406(b) provides, in pertinent part, as follows:

---

[1] Lane previously requested and received a fee of $2,280.00, 25% of Dejean's award, for his representation before the Social Security Commissioner under Section 406(a). *R. 19.*

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In his motion, Lane requests an award of $11,661.75 for successful representation of Ms. Dejean before this Court ($14.284.25 minus the requested Section 406(a) fee of $2,722.50), *R. 20-6*, pursuant to 42 U.S.C. § 406(b) and the terms of the 8/19/2014 contingency fee agreement between counsel and Ms. Dejean. The fees which were requested under 406(a), $2,722.50, plus those now requested under 406(b), $11,661.75, in combination, $14.284.25, do not exceed 25% of Dejean's past due benefits. *R. 20-2*. It is uncontested that there exists a contingency fee agreement between Lane and Dejean, which provides for attorney's fees of "twenty-five percent (25%) of any and all past-due benefits awarded to my family and me."[2] *R. 20-3*. Lane acknowledges that if he is awarded the $11,661.75 requested in this motion, he will be required to refund the EAJA award of $2,722.50 to Dejean. *R. 20-1, p. 2, fn.11*.

---

[2] While Lane and Dejean entered into a Contingency agreement, Lane represents that he spent 15.2 hours in professional services representing Dejean in the federal-court proceeding plus an additional 2.0 hours preparing this Motion and related filings for a total of 17.2 hours. *R. 20-1, p. 6*. He further represents that the requested fee, $11,661.75 divided by 17.2 hours results in an hourly rate of $678.01. *Id., p. 7*.

In *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002), the United States Supreme Court held that section 406 does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness the fees calculated based on such agreements. The Court rejected the "lodestar" method (hours reasonably spent on the case times reasonable hourly rate) of evaluating attorney fee petitions under 42 U.S.C. §406(b) and held that section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The Court referenced the following factors as bearing on the reasonableness of the requested fee: the character of the representation, the results the representative achieved, whether the attorney was responsible for delay, whether the representation was substandard, whether benefits are large in comparison to the time spent on the case, and whether the attorney is receiving a windfall. *Id.*

The Fifth Circuit has held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. *Jeter v. Astrue,* 622 F.3d 371 (5th Cir. 2010). The court explained that the "windfall" does not preclude attorneys from recovering what may seem like a high award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the

benefit of his work – even if he managed to accomplish a great deal in a small window of time." *Id.* at 381. The court noted that "[a]lthough in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Id.* at 379. Congress wrote § 406(b) to "ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht*, 535 U.S. at 805 (quoting SSA Report 66).

Lane argues that the contingency fee agreement complies with the provisions of section 406(b) and is reasonable in light of the results achieved and the factors set forth by the Supreme Court in *Gisbrecht*. The undersigned agrees.

Lane provided professional and competent representation to Dejean. Lane's efforts resulted in a reversal of an adverse ruling and an award of a substantial amount of past-due benefits in this case. Lane did not cause delay in the resolution of the matter and did not provide substandard representation. Also, the benefits to Dejean were large in comparison to the time spent on the case.

Additionally, Lane's experience before this Court supports the amount claimed. Lane's practice is focused on the area of Social Security disability law and he is one of only a few attorneys in the area who represents Social Security claimants in federal court. His zealous advocacy led to Dejean receiving a significant amount of past due benefits, ongoing monthly cash benefits and access to Medicare. *R. 20-*

*1, p. 8.* Although the twenty-five percent contingency fee may result in a slightly higher fee in this case, this must be balanced against the fact that Lane often is not compensated at all for Social Security work in federal court. *Jeter*, 622 F.3d at 379.

The undersigned finds that, in light of the additional factors, the requested fee is reasonable and not attributable to anything other than the Lane's own work. Accordingly,

**IT IS ORDERED** that the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Rec. Doc. 20], is **GRANTED**. The Court awards fees in the amount of $11,661.75 to be paid from the past-due benefits held by the Commissioner for such purposes.

**IT IS FURTHER ORDERED** that, upon receipt of the section 406(b) fee, Lane shall return to Dejean the $2,722.50 EAJA fee that was awarded pursuant to the Stipulated Order of Attorney's Fees.

**THUS DONE AND SIGNED** this 4th day of June, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE